# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5954 | **DATE** | September 2, 2011 |
| **CASE TITLE** | Theron Preston Washington (#15218-041) vs. Nation of Islam, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and the complaint is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. The case is terminated. Having brought this action, the plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, the plaintiff must pay any outstanding fees.

■ [**For further details see text below.**]                                                                 **Docketing to mail notices.**

## STATEMENT

The plaintiff, a federal prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff claims that Louis Farrakhan and the Nation of Islam murdered the plaintiff's parents and children in 2006, and that President Barack Obama's 2007 stimulus package–though after the fact–somehow contributed to those deaths. The plaintiff further maintains that the President has ordered that the plaintiff's medications be withheld from him. The plaintiff additionally names a correctional officer at the Dixon Correctional Center as a defendant, but he provides no allegations concerning that individual.

The plaintiff has neither paid the statutory filing fee nor specifically requested leave to proceed *in forma pauperis*. The plaintiff is ineligible for i.f.p. status because he has accumulated at least three "strikes."

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of the plaintiff's previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Washington v. Hinton*, Case No. 09 C 50221 (N.D. Ill.), dismissed by Minute Order of October 8, 2009 (Kapala, J.); **(CONTINUED)**

mjm

**STATEMENT (continued)**

*Washington v. Plaxico*, Case No. 09 C 50255 (N.D. Ill.), dismissed by Minute Order of December 28, 2009 (Kapala, J.); and *Washington v. United States of America*, Case No. 10 C 8216 (N.D. Ill.), dismissed by Minute Order of January 24, 2011 (St. Eve, J.). In fact, in her order of dismissal, Judge St. Eve specifically advised the plaintiff that he had "struck out."

Although the plaintiff refers to "imminent danger" on page 7 of his complaint, the court finds that the allegations in the complaint do not involve imminent danger of serious physical injury. Moreover, the court is satisfied that the complaint is frivolous as the term is defined in *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), and *Lee v. Clinton*, 209 F.3d 1025 (2000). Accordingly, the court is not inclined to give the plaintiff the opportunity to pay the statutory filing fee. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The case is summarily dismissed pursuant to 28 U.S.C. §§ 1915(g) and 1915A.

However, having brought this action, the plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, the plaintiff must pay any outstanding fees. *Id.*

The court makes no finding as to either whether the plaintiff may have a tenable cause of action relating to his medical and mental health care at the U.S. Penitentiary in Butner, North Carolina, or whether the plaintiff's medical concerns could arguably fall within the "imminent danger" exception to Section 1915(g). The plaintiff must file suit in North Carolina, the judicial district of his confinement, if he wishes to challenge the quality of his medical care.

*James F. Holderman*